**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

In the Matter of Lauren Martel, Esquire, Respondent.

Appellate Case No. 2023-001460

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal from Beaufort County
Peter L. Fuge, Family Court Judge

———————

Opinion No. 28242
Heard October 29, 2024 – Filed November 13, 2024

———————

**AFFIRMED AS MODIFIED**

———————

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General Mark Reynolds Farthing,
both of Columbia, for Petitioner.

Dayne C. Phillips, of Price Benowitz LLP, of Columbia,
for Respondent.

———————

**JUSTICE JAMES:** The court of appeals held there was no jurisdictional defect in the appeal of a criminal contempt order when the appellant failed to serve the notice of appeal on the Office of the Attorney General. *In re Martel*, Op. No. 2023-UP-254 (S.C. Ct. App. filed June 28, 2023). We affirm as modified.

## I.

In 2019, attorney Lauren Martel represented the mother in a child custody dispute. A family court judge held Martel in criminal contempt following a contentious exchange during a hearing. Martel filed a notice of appeal and served it on the family court judge, the Beaufort County Clerk of Court, and the court of appeals.

The Attorney General learned of the appeal from an unidentified person and notified Martel and the court of appeals that it would represent the State pursuant to South Carolina Code section 1-7-40. *See* S.C. Code Ann. § 1-7-40 (2005) ("[The Attorney General] shall appear for the State in the Supreme Court and the court of appeals in the trial and argument of all causes, criminal and civil, in which the State is a party or interested . . . .").

The State argued the appeal should be dismissed because Martel failed to serve her notice of appeal on the State through the Attorney General. The court of appeals held it had appellate jurisdiction and reversed the contempt order on the merits. The State filed a petition for a writ of certiorari concerning only the appellate jurisdiction issue, and this Court granted the petition. Therefore, the sole issue before this Court is whether Martel's failure to serve her notice of appeal on the Attorney General deprived the court of appeals of appellate jurisdiction.

## II.

Rule 202(a), SCACR, provides "The party appealing shall be known as the appellant and the adverse party as the respondent." Rule 203(b)(1)-(6), SCACR, applies to appeals from the court of common pleas, the court of general sessions, the family court, masters and special referees, the probate court, and administrative tribunals. Subsections (b)(1)-(5) require the notice of appeal to be served on "all respondents." Subsection (b)(6) applies to appeals from administrative tribunals and requires the notice of appeal to be served upon the agency, the administrative law court (if involved in the case), and all parties of record. In this family court matter, the father is not the "adverse party" and, therefore, is not the respondent, because he has no legal interest in Martel's prosecution of her appeal. Rather, the State is the

adverse party and, therefore, is the respondent, because criminal contempt is an offense against the State.[1]

Under section 1-7-40, the Attorney General "shall appear" for the State in appeals "in which the State is a party or interested." Rule 203, SCACR, and section 1-7-40, when read together, require a person convicted of criminal contempt to serve her notice of appeal on the Attorney General.

The State cites several appellate decisions in its brief in which the State was not served with a notice of appeal from a criminal contempt conviction. The State notes these cases "have slipped through the cracks over the past two decades." The State also maintains Martel's appeal has "exposed a troubling blind spot in South Carolina law." To remove this "blind spot," we clarify that in cases governed by Rule 203, a notice of appeal from a criminal contempt conviction imposed on or after the date of this opinion must be served on the Attorney General. The deadline for the service of the notice of appeal shall be dictated by the type of court from which the appeal arises, as outlined in Rule 203(b)(1)-(6), SCACR. Martel's case is unaffected by our decision.

**AFFIRMED AS MODIFIED.**

**KITTREDGE, C.J., FEW, HILL and VERDIN, JJ., concur.**

---

[1] In an appeal from a criminal contempt conviction imposed by an administrative tribunal, the State would be the respondent, because it would be the "adverse party" under Rule 202(a).